*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *KEITH J. CHICK,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *Docket No. 04-171-B-W* |
| ) | |
| *JO ANNE B. BARNHART,* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

*REPORT AND RECOMMENDED DECISION*[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge erred in finding certain specific statements made by the plaintiff about his impairments to be less than fully credible and in rejecting the opinions of a treating physician and an examining physician concerning his residual functional capacity. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had cervical spondylolitis, with right arm pain and occasional headaches, impairments that were severe but which did not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 2, 2005, (*continued on next page*)

3, Record at 19; that the plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible, Finding 4, *id*.; that he lacked the residual functional capacity to perform a wide range of light work, Finding 5, *id*.; that he could lift and carry 20 pounds occasionally and 10 pounds on a regular basis, could not do work which did not allow him to alternate between sitting and standing, could not climb, reach overhead, or work near dangerous machinery or unprotected heights and could occasionally reach forward, stoop and kneel, *id*.; that the plaintiff was unable to perform his past relevant work, Finding 6, *id*.; that his capacity for the full range of light work was diminished by the limitations described above, Finding 7, *id*.; that, given his age (43, a "younger individual"), education (high school), skilled work history and exertional capacity for light work, application of Rules 202.21 and 202.22 from Table 2, Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") would direct a conclusion of "not disabled," Findings 8-11, *id*.; that the plaintiff's capacity for light work was not so compromised that he could not perform other work which existed in significant numbers in the national economy, Finding 12, *id*.; that therefore a finding of "not disabled" was reached within the framework of the Grid rules, *id*.; and that the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 13, *id*. The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion

pursuant to Local Rule 16.3(a)(a)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff takes issue, Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 6) at 7-12, with several of the reasons cited by the administrative law judge for his finding that the plaintiff's testimony was "not entirely credible," Record at 19.  The administrative law judge found that "[t]he claimant's testimony concerning his impairments and their impact on his ability to work is not entirely credible in light of the medical history, his activities of daily living, and inconsistencies regarding his work activity."  *Id*. at 17.

The plaintiff states that "the adjudicator ignored the Plaintiff's strong work record stretching from 1982 through 1998."  Itemized Statement at 9.  What this work record demonstrates about the plaintiff's credibility is unclear.[2]  The plaintiff asserts that "[i]t was apparently the inability to come

---

relevant statutes, regulations, case authority and page references to the administrative record.

[2] The section of the regulations cited in the itemized statement, Itemized Statement at 9, deals with evaluation of pain symptoms, not with credibility.  20 C.F.R. § 404.1529(c)(3).  "[I]nformation about your prior work record" is to be considered for what it may demonstrate about the severity of the plaintiff's alleged pain.  At oral argument, counsel for the plaintiff stated in response to a question that past work is a factor to be considered in evaluating a claimant's credibility under the applicable Social Security Ruling.  Social Security Ruling 96-7p does state, under the heading "Factors in Evaluating Credibility," that "[s]tatements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's . . . prior work record and efforts to work" should be considered.  Social Security Ruling 96-7p ("SSR 96-7p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 137.  However, consideration of what the claimant and others have to say about his work record can only be of help in evaluating credibility if those statements are examined in light of the claimant's testimony about his (*continued on next page*)

up with a specific figure [for the number of snowmobiles he repaired per year] that troubled the ALJ." *Id*. However, while the administrative law judge did refer to a change in the plaintiff's testimony about this number, which he found to demonstrate that the plaintiff was being evasive, Record at 17, the main point for the administrative law judge was the comparison of the plaintiff's reported earnings in the two years before the date on which he alleged that he became disabled, in November 2000. *Id*. Because the plaintiff's reported earnings were essentially the same in 1999, 2000, 2001 and 2002, the administrative law judge expressed doubt about the accuracy of the plaintiff's testimony "regarding work activity." *Id*. This doubt is supported by the income figures cited. The fact that the plaintiff reported substantially more earnings in the years before 1999, almost two years before he alleged that he became disabled, has little or no bearing on his credibility in this regard.

The plaintiff next challenges, Itemized Statement at 9-10, the administrative law judge's statement that the plaintiff "stated that he generally prefers to be isolated, but also indicated that he visits friends approximately once a week," Record at 17. The plaintiff asserts that this "finding is non-sensical [sic] and says nothing about credibility," Itemized Statement at 9-10. To the contrary, a certain amount of contradiction is inherent in the two assertions by the plaintiff.

Next, the plaintiff takes issue with the administrative law judge's observation, *id*. at 10, that the plaintiff "sometimes cooks," Record at 17. This observation is not inconsistent with the plaintiff's testimony, when asked "Do you cook on a daily basis?" that "I'll . . . grill[] a hamburger or something like that. . . . I'll get my . . . kids' breakfast, a bowl of cereal and milk or something." *Id*. at 42. In response to the question "So you prepare meals daily?" the plaintiff testified "Yeah. . . . I don't prepare every meal . . . . I'll fix some." *Id*. at 43. This testimony is fully consistent with the

impairments and when those impairments began to affect his ability to work. Having what the plaintiff's attorney characterized at oral argument as a "strong work history" says nothing about his credibility in and of itself. It could in fact be detrimental to a plaintiff's claim of disability if the plaintiff had been working regularly during a period after he alleged onset of the disability.

4

administrative law judge's statement that the plaintiff "sometimes cooks."  The plaintiff asserts that only cooking "three meals a day regularly, much hand preparation" may serve to "bring a claimant's credibility into question."  Itemized Statement at 10.  He cites no authority for this assertion.

The plaintiff similarly assails, *id.* at 10, the administrative law judge's findings that he "drives daily" and "shops."  Record at 17.  Again, this is an accurate statement of the plaintiff's testimony. Record at 41-42.  The plaintiff contends that his daily activities "are poorly summarized in the phrase 'drives daily.' The Plaintiff lives in rural Maine where daily driving, at least for errands, is the norm." He goes on to remark that "[e]veryone shops, even in rural Maine." Itemized Statement at 11.  It is the claimant's actual level of daily activities, regardless of where he lives or what the local "norm" may be, that is an essential factor in the credibility determination.  *See* SSR 96-7p, at 135.  Contrary to the suggestion of counsel for the plaintiff at oral argument, it is not necessary that the administrative law judge determine how far the claimant drives every day and how much time he spends driving before including daily driving in his evaluation of the claimant's activities of daily living.

The plaintiff next challenges, Itemized Statement at 11, the administrative law judge's finding that he "sometimes does housecleaning," Record at 17.  Again, this is an accurate summary of the plaintiff's testimony.  *Id.* at 33, 61-62.  The plaintiff states that "[t]he amount of work [he] can do around the house is consistent both with his disability and his ability to work at a level significantly below substantial activity."  Itemized Statement at 11.  He cites no authority for this assertion.  It is the administrative law judge's job to draw conclusions about the credibility of a claimant's testimony and the level of work of which the claimant is capable.  In the absence of any authority for this assertion, a reviewing court must uphold the administrative law judge's judgment, particularly where, as here, there is significant other evidence to support his conclusions.

The plaintiff goes on to assert that "[t]he ALJ gains nothing," *id.*, from his observation that the plaintiff "builds models with his son," Record at 17.  Again, the administrative law judge's statement is accurate.  Record at 63-64.  He did not err in including this finding in his assessment of the plaintiff's credibility.

Finally, the plaintiff contends that the administrative law judge's finding that the plaintiff "goes to guitar lessons with his daughter," *id.* at 17, is "inadequate" because the administrative law judge "failed to ask the frequency of the lessons and the amount of the plaintiff's involvement over time," Itemized Statement at 11.  The finding is accurate.  Record at 63.  If it were the only finding upon which the administrative law judge based his conclusion concerning the plaintiff's credibility, the "failures" noted by the plaintiff might call that conclusion into question, as the weight given that finding might be excessive.  However, in this case, the administrative law judge relied on several accurate factual findings about the plaintiff's activities of daily living.  The relative weight given to this finding minimizes the possibility that it could unfairly skew the administrative law judge's conclusion about credibility.

In this case, the administrative law judge's factual findings are sufficient in number and sufficiently specific to support his finding with respect to the plaintiff's credibility.  *See Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 194-95 (1st Cir. 1987).

The second and final issue raised by the plaintiff is based on his contention that the administrative law judge "failed to properly credit the weight of the medical record in the Plaintiff's favor."  Itemized Statement at 12-13.  He asserts that the reports of Drs. Guernelli and Senter were wrongly rejected by the administrative law judge because "there is nothing . . . in the record to controvert these medical opinions."  *Id.* at 13.  Specifically, he cites a letter in which G. F. (John) Guernelli, M.D., a treating physician, states "I do think that it would be very difficult for Keith to

6

participate in any type of gainful employment based on his neck condition," Record at 259, and portions of a Medical Assessment of Ability to Do Work-Related Activities (Physical) in which Kenneth L. Senter, M.D., who examined the plaintiff for the State Disability Determination Services on November 3, 2003, states that the plaintiff can only sit for ten minutes at a time; can never climb or stoop and may only occasionally balance, crouch, kneel and crawl; has a limited ability to reach, handle, feel and push or pull; and is restricted to environments without temperature extremes, wetness or humidity, noise, vibration, heights or unspecified machinery, *id*. at 264, 269-71.

On this issue, the administrative law judge found that

> given what have been considered by consulting physicians to be relatively minor spinal abnormalities, and findings of some limitation of motion in the claimant's neck and right arm, objective evidence has failed to correspond to the degree of functional limitation alleged by Mr. Chick. These has been no radiological, electrodiagnostic or clinical evidence of radiculopathy. Dr. Senter's diagnosis of radiculopathy (Exhibit 9F) is unsupported, as is his assessment of the claimant's functional limitations, which seems to have been based primarily on Mr. Chick's statements regarding pain. Since Mr. Chick's statements are not found to be entirely credible, for the reasons discussed above, the undersigned does not find Dr. Senter's opinion persuasive. Similarly, Dr. Guernelli's opinion that Mr. Chick is disabled by chronic pain and the need for pain medication is not given controlling weight by the undersigned (Exhibit 7F).

*Id*. at 17. The administrative law judge noted the reports (i) of Michael Regan, M.D., an orthopedist who did not believe that a "slight" bulging of the discs at C5-6 and C6-7 was the cause of the plaintiff's symptoms and who found full range of neck motion and no neurological deficits; (ii) that radiological studies of the plaintiff's brain, right shoulder, hand, wrist, humerus and forearm were essentially normal; (iii) that, according to Daniel Bobker, M.D., EMG testing yielded no evidence of neuropathy, radiculopathy, or carpal tunnel syndrome, with physical examination results within normal limits; and (iv) that in July 2002 orthopedist Wayne Moody, M.D., found that the plaintiff exhibited full range of motion and no neurological deficits. *Id*. at 15.

Contrary to the plaintiff's suggestion, there is evidence in the record that is inconsistent with Dr. Guernelli's opinion that the plaintiff would find it "very difficult" to undertake gainful employment based on his medical condition.  To the extent that Dr. Senter's report is inconsistent with the residual functional capacity assigned by the administrative law judge,[3] it is supported by the other medical evidence cited in the decision.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[3] The administrative law judge found that the plaintiff "cannot do work which does not allow him to alternate between sitting and standing.  He cannot climb, reach overhead, or work near dangerous machinery or unprotected heights.  He can occasionally reach forward, stoop and kneel."  Record at 17.  These limitations are essentially consistent with Dr. Senter's opinion.  The only significant difference between Dr. Senter's opinion, as expressed on the assessment form, and the administrative law judge's conclusion is that the latter found that the plaintiff had the ability to lift ten pounds frequently, *id*. at 17, while Dr. Senter found that he could only lift five pounds frequently, *id*. at 268.  At oral argument, counsel for the plaintiff contended that Dr. Senter's opinion that the plaintiff was limited to standing or sitting for 10 minutes at a time, *id*. at 268-69, was inconsistent with the administrative law judge's conclusion, but this opinion is not necessarily inconsistent with alternating between sitting and standing, which the administrative law judge included in his findings.